**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Martinez, Sr., an individual, on behalf of himself and the statutory beneficiaries of Gregory Martinez, Jr., deceased, and as personal representative of the Estate of Gregory Martinez, Jr.; Marisol Martinez, an individual; Gregory Martinez, Sr. and Marisol Martinez, as parents and guardians ad litem for and on behalf of I.M., M.M., and L.M., their minor children,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>City of Avondale, a municipality organized under the laws of the State of Arizona; Kevin Sapp, in his individual and official capacities as a police officer with the City of Avondale Police Department,<br><br>　　　　　　　　Defendants. | No. CV-12-1837-PHX-LOA<br><br>**ORDER** |

　　　　This case arises on Plaintiffs' Motion for One-Month Extension of Expert Disclosure Deadlines, filed on February 7, 2013. (Doc. 46)  Plaintiffs' counsel indicates he became very ill with the flu in early February and was physically incapable of taking two key depositions scheduled for February 7, 2013. (*Id*., ¶ 4 at 2)  After his office unilaterally cancelled the depositions the day before they were to begin, Plaintiffs' counsel rescheduled them to a date agreeable to defense counsel on February 21, 2013. Unable to agree with adverse counsel on amended expert disclosure dates and the

sequencing of other scheduled depositions as a consequence of his illness, Plaintiffs' counsel moves for a 30-day extension of all parties' expert disclosure deadlines. (*Id.* at 2) Defendants oppose Plaintiffs' requested extension, claiming Plaintiffs "have failed to show good cause to support their Motion and the proposed amendment to the Scheduling Order will be prejudicial to Defendants." (Doc. 50 at 6)

After considering the parties' briefing, the Court finds good cause exists to grant Plaintiffs' motion and conditionally extends all expert disclosure deadlines by only 30 days, provided, in Defendants' sole discretion, Plaintiffs agree to reschedule the depositions of Plaintiffs Gregory Martinez, Sr., Marisol Martinez, and Marissa Martinez to mutually-agreeable dates and times before discovery closes after Plaintiffs' expert report is disclosed.

**I. Background**

This is a 28 U.S.C. § 1983 fatal police shooting case against the City of Avondale and Kevin Sapp, an Avondale police officer, arising out of a 9-1-1 call by the decedent's mother on October 28, 2011, for police assistance in dealing with her 20-year old son, Gregory Martinez, Jr., the deceased. The Complaint, initially filed in the Maricopa County Superior Court and removed to this District Court on August 29, 2012, alleges numerous causes of action, including Officer Sapp used excessive and unreasonable deadly force in violation of the Fourth Amendment to the United States Constitution. Defendants deny liability, contending, *inter alia*, Officer Sapp justifiably acted in self-defense and used deadly force because it was reasonably necessary under the circumstances.

Pursuant to the October 23, 2012 Scheduling Order, Plaintiffs' expert witness disclosures are currently due on March 1, 2013. Defendants' expert disclosures are due by April 19, 2013, and any rebuttal expert disclosures are due by May 17, 2013. (Doc. 17, at 6-7)

In his motion, Plaintiffs' counsel indicates he caught the flu in early February and was incapable of taking two important depositions scheduled for February 7, 2013, which

were cancelled and rescheduled to February 21, 2013 upon agreement of counsel. (Doc. 46 at 2)  According to Plaintiffs' counsel, rescheduling the depositions of Officer Sapp,[1] a named defendant and the officer who fired the fatal shot, and Officer Sapp's mother, Terry Sapp, who was a "ride along" and an eyewitness to the shooting, to February 21, 2013 places Plaintiffs and their "police practices expert at a significant disadvantage." (*Id.*) Conducting these two important depositions on February 21, 2013 "[d]oes not provide sufficient time to have the depositions transcribed, sent to Plaintiffs' police practices expert, reviewed, and a report prepared[]" by the March 1, 2013 deadline for Plaintiffs to disclose their expert opinion testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., and the Scheduling Order. (Doc. 51 at 3) Counsel argues that, even if he were physically able to conduct the depositions despite his having the flu and weakness and the depositions were promptly transcribed at the higher reporter rate, Plaintiffs' police practices expert would "[h]ave, at most, two or three days to review the depositions and prepare his report." (Doc. 46 at 3)  According to Plaintiffs' counsel, his "unexpected illness justif[ies] a relatively brief (one month) extension of the expert deadlines . . . as Plaintiffs have clearly satisfied every factor[] demonstrating 'good cause' for an extension[,]" (citing *Jackson v. Laureate*, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) in their reply brief.) (Doc. 51 at 1 n. 1, 3)

Defendants indicate that initially Plaintiffs' paralegal called defense counsel on February 6, 2013, cancelling the next day's depositions due to counsel's illness, and requested defense counsel agree to extend "**all** of the discovery deadlines for one month." (Doc. 50 at 2-3) (emphasis in original). After exchanging letters and e-mails, according to defense counsel, Defendants were amenable to pushing all of the discovery deadlines for one-month provided, in return, Plaintiffs "supplement their overdue responses to

---

[1] The docket reflects Plaintiffs noticed Officer Sapp's video deposition on December 14, 2012 for February 7, 2013, and confirms Plaintiffs re-noticed it on February 7th to be held on February 21, 2013. (Docs. 29, 43)  Plaintiffs' counsel represents he initially "scheduled these depositions with the March 1, 2013, expert disclosure deadline in mind." (Doc. 51 at 3)

1 [Defendants'] November 2012 discovery requests" prior to Plaintiffs' depositions, which
2 were, and remain, scheduled in March 2013. (*Id*. at 3)  At that point, it appears counsels'
3 ability to cooperate with each other broke down, and defense counsel could not stipulate
4 to extending all the Scheduling Order's discovery deadlines because, by doing so,
5 Defendants would be placed at a disadvantage.

6       Defendants argue they will be prejudiced if the expert disclosure deadlines are
7 extended, even for a mere 30 days, because Defendants had intentionally scheduled three
8 Plaintiffs' depositions in March 2013, including decedent's parents, which were
9 scheduled "well after Plaintiffs' deadline to respond to Defendants' discovery requests
10 and with the intent of reviewing Plaintiffs' expert opinion prior to the depositions." (*Id*. at
11 5; docs. 37-39)  "If the Court grants Plaintiffs' Motion, [Defendants] will not have the
12 opportunity to review the expert opinion in preparation for the depositions." (*Id*. at 5)
13 "Defendants should not be prejudiced by Plaintiffs' counsel's failure to . . . accommodate
14 both parties' interests" (*Id*.)  Defendants claim they have been attempting for "over the
15 past three (3) months[]" to obtain Plaintiffs' responses to Defendants' "[d]iscovery
16 regarding Plaintiffs' claims in their Complaint, including medical records related to
17 Plaintiffs' 'extreme emotional distress and anguish', 'loss of enjoyment of life', 'pain and
18 suffering' and 'other emotional trauma[,]" and certain information related to mental
19 health and learning disabilities. (*Id*. at 5)  Defendants contend "[t]his information is
20 crucial to Plaintiffs' defense in this matter . . . [and they]  must obtain and have an
21 opportunity to review the requested information prior to Plaintiffs' March depositions.
22 (*Id*.)

23       Defense counsel acknowledges, and the docket confirms, the parties have
24 scheduled six depositions of Defendants and their witnesses and five depositions of
25 Plaintiffs during the months of January through April 2013. (*Id*. at 2)  Plaintiffs filed
26 Notices of Deposition for the February 7, 2013 depositions of Defendant Sapp and his
27 mother, Terry Sapp, on December 14, 2013. The docket reflects Plaintiffs filed an
28 Amended Complaint only seven days after the Court entered its Scheduling Order on

October 23, 2012. Defendants filed a timely Amended Answer shortly thereafter; and in November and December, each side, in addition to noticing the depositions already mentioned, filed notices of service of supplemental disclosure statement, responses to interrogatories, interrogatory requests.

**II. Good Cause and Federal Rule of Civil Procedure16(b)(4)**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 607-08. A district court may modify the pretrial schedule "if it cannot reasonably be met despite diligence of the party seeking the extension." *Id*. at 608; *see also* Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). In the context of a request to modify a scheduling order, "good cause" means the scheduling order's deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609 (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (citation and internal quotation marks omitted).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (quoting *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *adopted by*, 2012 WL 218959, at *1 (E.D.Cal. Jan. 23, 2012)). Under this three-step inquiry:

- 5 -

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [ ]he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, not-withstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [ ]he was diligent in seeking amendment of the Rule 16 order, once it became apparent that [ ]he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)) (other citations omitted). "The diligence obligation is ongoing." *Id.* "Parties must diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Id.* (quoting *Trejo v. City of Shafter*, 2011 WL 6130894, at *1 (E.D. Cal. Dec. 8, 2011) (citations and internal quotation marks omitted).

**III. Discussion**

The Scheduling Order in this case established deadlines that "[a]re **real**, **firm**, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq*.,[2] **will not be altered** except only upon a showing of good cause and by leave of the assigned trial judge. " (Doc. 17 at 5) (emphasis in original). It is, as defense counsel correctly described it, "a very strict standard regarding amendment[,]" doc. 50 at 3, but Rule 16(b)(4)'s standard is not a rigid, inflexible one incapable of accommodating life's vagaries and the full calendars of busy trial attorneys provided genuine diligence is demonstrated by attorneys diligently working up their federal cases. The minor modification of the Scheduling Order Plaintiffs request applies equally to each side without disrupting the other deadlines, especially the July 31, 2013 deadline for completing discovery.

---

[2] Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). For example, § 473(a)(2) directs that federal judges provide "early and ongoing control of the pretrial process . . . such that the trial is scheduled to occur within *eighteen months* after the filing of the complaint . . . ." 28 U.S.C. § 473(a)(2) (emphasis added).

- 6 -

Importantly, all counsel in this case have diligently worked to comply with the Scheduling Order's deadlines established on October 23, 2012, by the mutual agreement of the Court and counsel. The docket reflects the parties have exchanged disclosures, interrogatories and responses thereto, and have taken and scheduled numerous depositions, consistent with meeting the Scheduling Order's deadlines. For example, on January 14, 2013, counsel deposed Lenin Contreras in Riverside, California, one of the first Avondale police officers to arrive at the shooting scene, who is now a special agent with the Drug Enforcement Agency. (Doc. 46, ¶ 2 at 2) There is no doubt all counsel have taken the Scheduling Order in this case seriously. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("Federal Rule of Civil Procedure 16 is to be taken seriously.").

Plaintiffs have demonstrated the requisite good cause for extending the expert disclosure deadlines. With their attorney's unexpected illness[3] coming on shortly before two important depositions were to be taken, Plaintiffs have demonstrated the Rule 16 pretrial schedule for Plaintiffs' expert disclosure could not "*reasonably* be met despite diligence of the party seeking the extension." *Johnson*, 975 F.2d at 608 (emphasis added). Plaintiffs' counsel has satisfied the three-part inquiry discussed in *Morgal*: counsel were diligent in creating a workable Rule 16 order; his noncompliance with the Rule 16 expert disclosure deadline occurred because of an illness which could not have been reasonably foreseen or anticipated at the time the Rule 16 scheduling conference was held; and, he promptly sought amendment of the Scheduling Order, once it became apparent that he could not reasonably comply with it. *See Morgal*, 284 F.R.D. at 460 (quoting *Jackson*, 186 F.R.D. at 608). Further, this Court has previously determined that an unexpected

---

[3] While Plaintiffs' counsel did not attach a verified declaration confirming his illness, his physical inability to prepare and take the two February 7th depositions, and whether he was seen by a physician, Defendants have not challenged the veracity of counsel's reasons for cancelling the depositions, which Plaintiffs' counsel had scheduled on December 14, 2012. Because the Court discerns no reason or ulterior motive other than his illness to vacate the depositions, the Court accepts counsel's representation he caught the flu.

- 7 -

illness preventing a witness from appearing for her deposition scheduled three weeks before the discovery deadline constituted good cause to extend the discovery deadline as to that witness only. *See AZ Holding, L.L.C. v. Frederick*, 2009 WL 3326999 (D. Ariz. Oct. 13, 2009). The good cause standard should apply equally to attorneys who become ill as it does for a witness.

One cannot fairly consider an extension of the expert disclosure deadlines, however, without also fairly considering the impact such an extension would have on Defendants in the context of presently scheduled depositions, which were undoubtedly scheduled by Defendants on the reasonable belief Plaintiffs' police practices expert's report would be disclosed to them by March 1, 2013. Defendants should not be disadvantaged due to the unexpected illness of Plaintiffs' counsel to blindly depose the decedent's parents, Plaintiffs Gregory Martinez Sr. and Marisol Martinez, and Marissa Martinez without defense counsel having the benefit of knowing the precise opinions of Plaintiffs' expert on liability.

Consistent with Rule 1, Fed.R.Civ.P., the Court will construe Rule 16(b)(4) in the context of the current posture of the case and scheduled deposition discovery so that neither side gains an advantage over the other as a result of Plaintiffs' counsel's unexpected illness and his need to reschedule the February 7 depositions. *See* Rule 1, Fed.R.Civ.P. (federal procedural rules must "be construed and administered to secure the *just, speedy, and inexpensive* determination of every action.") (emphasis added). The Court will grant Plaintiffs' extension request, but it will do so conditionally, provided Plaintiffs agree to reschedule the depositions of Plaintiffs Gregory Martinez Sr., Marisol Martinez, and Marissa Martinez until after Plaintiffs' expert disclosure.

The same rational for amending the Scheduling Order's deadline for disclosing expert reports applies equally to a party's obligation to seasonably supplement discovery responses prior to any final date for supplementation in a scheduling order. In fact, Rule 26(e)(A), Fed.R.Civ.P., imposes a duty to "supplement at appropriate intervals" information provided in initial disclosures and a duty "seasonably to amend" discovery

responses that are incomplete or incorrect. *See* Rule 26(e)(A) (a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."); *see also R & R Sails Inc. v. Insurance Co. of State of PA*, 251 F.R.D. 520, 526 (S.D. Cal. April 18, 2008) (citing Advisory Committee Notes to 2007 Amendments; *United States v. Boyce*, 148 F.Supp.2d 1069, 1088 (S.D. Cal. 2001) (discussing continuing duty to supplement document production under Rule 26(e)(2)). "Rule 37(c) instructs courts to disallow use of the information that was withheld and/or order the payment of costs and fees caused by the failure to supplement disclosures."[4]  *R& R Sails Inc.*, 251 F.R.D. at 526.

Unfortunately, for whatever reason, counsel were unable to resolve by agreement the issues regarding new expert disclosure dates and the sequencing of Defendants' depositions without the Court's intervention. Counsel are reminded of the Standards for Professional Conduct for the District Court of Arizona[5] and A Lawyer's Creed of Professionalism of the State Bar of Arizona, adopted by the District Court for all lawyers as a condition of admission. Specifically, the Lawyer's Creed requires that "[i]n litigation proceedings, [a lawyer] will agree to reasonable requests for extensions of time or for waiver of procedural formalities when the legitimate interests of [the lawyer's] client will not be adversely affected[.]"  There is no apparent reason counsel could not have informally resolved all their discovery disputes by agreement and written stipulation

---

[4] The Court has not addressed Plaintiffs' alleged overdue discovery responses for several reasons. Defendants have not sought a discovery order compelling discovery responses, the issue has not been briefed by the parties, and no Rule 37(a)(1) and LRCiv 7.2(j) certification has been filed.

[5] The Standards of Professional Conduct located at the District of Arizona's website at www.azd.uscourts.gov, click on link "Attorney/Pro Bono Info," and then click on link "Attorney Admissions Information." Number 9 of these Standards mandate, *inter alia*, that "[i]n civil actions, [lawyers] will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating."

- 9 -

1 without the Court's involvement. Nevertheless, in the exercise of its wide discretion,
2 attorneys' fees will not be awarded to either side.
3    Based on the foregoing,
4    **IT IS ORDERED** that Plaintiffs' Motion for One-Month Extension of Expert
5 Disclosure Deadlines, doc. 46, is conditionally **GRANTED**. The Court conditionally
6 extends all parties' expert disclosure deadlines by 30 days, provided, in Defendants' sole
7 discretion, Plaintiffs agree to reschedule the depositions of Plaintiffs Gregory Martinez,
8 Sr., Marisol Martinez, and Marissa Martinez to mutually-agreeable dates and times
9 before discovery closes after Plaintiffs' expert disclosure before discovery closes.
10    **IT IS FURTHER ORDERED** that, consistent with this Order, Plaintiffs' expert
11 disclosure deadline is extended to March 29, 2013; Defendants' expert disclosure dead-
12 line is extended to May 17, 2013; and rebuttal expert disclosures are extended to June 14,
13 2013.
14    Dated this 25th day of February, 2013.

*(signature)*
Lawrence O. Anderson
United States Magistrate Judge

- 10 -