1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Gregory Martinez, Sr., etc.; et al,          )   No. CV-12-1837-PHX-LOA
                                                  )
10                          Plaintiffs,           )   **ORDER**
                                                  )
11  vs.                                           )
                                                  )
12  City of Avondale, etc; et al.,                )
                                                  )
13                          Defendants.           )
    _____       )

14

15        For the second time in less than a month, the Court is called upon to resolve a

16  disputed case management issue.

17        On March 1, 2013, the last day to file an amended pleading under the Court's case

18  management order, Plaintiffs filed a Motion to Amend Complaint. (Doc. 63)  Pursuant to

19  Rule 15(a), Federal Rules of Civil Procedure ("Fed.R.Civ.P."), they request leave to file

20  another amended complaint to add seven Avondale police officers as defendants, in their

21  individual and official capacities, and to allege violations of Plaintiffs' rights under

22  Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42

23  U.S.C. § 1983, and State-law claims of False Arrest and Imprisonment. (*Id*., ¶ 4 at 2)

24  The proposed Second Amended Complaint is attached to Plaintiffs' Motion, indicating

25  the additions and deletions to the First Amended Complaint, as required by Local Rule

26  ("LRCiv") 15.1.

27        Defendants oppose the Motion, claiming 1) Plaintiffs unduly delayed adding these

28  defendants when they knew the identities of the police officers they seek to add and the

1    factual basis of the new claims since prior to filing their original Complaint in August

2    2012, and 2) by allowing amendment, it "will be impossible" for the parties to complete

3    discovery by the Scheduling Order's July 31, 2013 discovery deadline and the trial of this

4    case will be delayed. (Doc. 69 at 5)

5           After considering the parties' briefing, the Ninth Circuit's controlling, extremely

6    liberal policy in allowing amendments when timely made pursuant to Rule 15(a), and the

7    absence of demonstrated prejudice to Defendants, the Court is compelled to grant the

8    Motion.

9    **I. Background**

10          This is a 28 U.S.C. § 1983 fatal police shooting case, arising out of an October 28,

11   2011 9-1-1 call by the decedent's mother, asking for police assistance with her 20-year

12   old son, Gregory Martinez, Jr., deceased. Because of the parties' familiarity with the facts

13   and current allegations, the Court will only discuss herein the facts material to the

14   amendment motion.

15          Plaintiffs contend that, after Officer Kevin Sapp shot the decedent just outside of

16   the Martinez' home, seven Avondale police officers[1] unreasonably detained the decedent's

17   family members "for hours." (Doc. 63 at 1)  Although several family members, including

18   three minors, witnessed the shooting death of their son or brother, Plaintiffs were

19   allegedly not permitted to comfort each other, call their pastor, seek permission to use the

20   restroom by seven Avondale police officers, who apparently had different roles in the

21   separation and detention. (*Id*.)  According to Plaintiffs, "[t]he restrictions placed on these

22   traumatized individuals went beyond mere detention, but transmogrified into an actual

23   arrest." (*Id*.)  Plaintiffs' counsel represents that, "[d]uring depositions in this matter,

24   Plaintiffs have learned the identities of the individual officers responsible for [Plaintiffs']

25

26          [1] Specifically, Plaintiffs seek to name as defendants: Officers Albert Bates, Robert

27   Clement, Christopher Beckett, Reginald Sayles, Michael Unger, Edward Toxqui, and
     Raymond Harris, all purportedly employed as Avondale  police officers on October 28,

28   2011.

1   wrongful detention and arrests." (*Id*. at 2)  Plaintiffs move for leave to amend their

2   complaint for a second time since removal to add the individual officers as named

3   defendants, as required by 42 U.S.C. § 1983, and allege the State-law intentional torts of

4   False Arrest and Imprisonment.

5        Defendants point out, and the docket confirms, Plaintiffs filed their initial

6   Complaint in the Maricopa County Superior Court on August 2, 2012, alleging, *inter alia*,

7   § 1983 excessive force claims against Officer Sapp, and, with leave of the Court after this

8   action was removed on August 29, 2012, Plaintiffs filed their First Amended Complaint

9   on October 30, 2012. (Docs. 1-1 at 4-10; 19)  Plaintiffs' First Amended Complaint added

10  decedent's three minor siblings, I.M., M.M., and L.M.,[2] as plaintiffs, whose interests in

11  this action are represented by their parents and guardians *ad litem*, Plaintiffs Gregory

12  Martinez, Sr. and Marisol Martinez. The First Amended Complaint also added § 1983

13  wrongful seizure claims, alleging, among others, the police "[o]fficers with the City of

14  Avondale seized Plaintiffs Gregory Martinez, Sr., Marisol Martinez, I.M., M.M., and

15  L.M. . . . [and] refused to permit these Plaintiffs to be together or speak together; to leave

16  the scene; or to attend to Gregory Martinez, Jr., in the hospital . . . [which] lasted for

17  many hours." (Doc. 19, ¶¶ 51-52 at 8) "This seizure was unreasonable and in violation of

18  the Fourth Amendment and Due Process Clause of the Fourteenth Amendment to the

19  United States Constitution." (*Id*., ¶ 54 at 8)

20       Defendants describe as "patently false" the representation that Plaintiffs "just

21  recently discovered the identities of the officers who provided scene security and kept the

22  witnesses from speaking to each other prior to being interviewed." (Doc. 69 at 3)

23  Defendants indicate that, in  Plaintiffs' October 19, 2012 Initial Disclosure Statement,

24  doc. 16, Plaintiffs disclosed the Avondale police reports regarding this shooting, which

25  Defendants surmise were obtained through a public records' request and "[r]eflect a print

26  date of January 19, 2012, which is, presumably, near the date of Plaintiffs['] public

27

28       [2] The parties and the Court use the children's initials in all public filings to protect
their privacy interests as directed by Rule 5.2(a), Fed.R.Civ.P.

1  records request and receipt of the reports." (Doc. 69 at 2)  According to Defendants,

2  before they filed their State-court complaint in August 2012, Plaintiffs possessed "several

3  references to police officers interviewing and separating witnesses," including: Officers

4  Beckett, Sayles, Unger, Toxqui, and Clement. (*Id*. at 3)  However, absent from this list of

5  names are Officers Albert Bates and Raymond Harris.

6      Citing on *Federal Ins. Co. v. Gates Learjet Corp*., 823 F.2d 383, 387 (10th Cir.

7  1987) and *State Distributors, Inc. v. Glenmore Distilleries*, 738 F.2db 405, 416 (10th Cir.

8  1987), Defendants contend that, because Plaintiffs knew or should have known of the

9  facts on which the amendment request is based "for some time prior to the filing of the

10  motion to amend," leave to amend should be denied. (*Id*. at 4)  Defendants argue

11  "Plaintiffs should not be able to benefit by the delay created by their failure to properly

12  plead their case in their original Complaint or even their First Amended Complaint." (*Id*.)

13      In response, Plaintiffs acknowledge they had "some indication" which Avondale

14  police officers separated the various family members from the "heavily redacted police

15  reports" before commencing this litigation. (Doc. 72 at 2)  Plaintiffs indicate, however,

16  "these raised more questions than answers," such as, who ordered the "sequestration and

17  detentions," how long did the detentions last, and under what conditions? (*Id*.)  Plaintiffs

18  describe this less-than-perfect information as "informational disadvantage,"citing

19  *Colburn v. Upper Darby Township*, 838 F.2d 663, 667 (3d Cir. 1988). (*Id*., n. 1)

20  Conceding "marginal delay" may result if new defendants are added," *id*. at 2, Plaintiffs

21  point out that, while Plaintiffs have conducted six depositions to date, Defendants had

22  taken only one deposition, I.M., by mid-March 2013, and have scheduled five depositions

23  of Plaintiffs and their witnesses in April, suggesting Defendants will not be prejudiced by

24  amendment as most defense depositions have not been completed. (Docs. 69 at 5; 72 at 3)

25  Plaintiffs also note discovery does not close for another four months; Defendants have

26  been on notice of the wrongful seizure issue since it was first formally raised in the

27  October 30, 2012  First Amended Complaint, *id*. at 3; and, importantly, the amendment

28  request is timely and consistent with the Court's Scheduling Order, *i.e.*, "[m]otions to

1    amend pleadings and motions to join additional parties [must be filed] by **Friday, March**

2    **1, 2013**." (Doc. 17, ¶ 2 at 6) (footnote omitted).

3    **II. Amendment Motions**

4         As the Court noted in its October 23, 2012 Rule 16 Scheduling Order, motions to

5    amend filed after the Scheduling Order's deadline are governed, not by the liberal

6    provisions of Fed.R.Civ.P. 15(a), but instead by the more restrictive provisions of Rule

7    16(b) and the good-cause standard. (Doc. 17 at 6 fn. 4)  Because Plaintiffs timely filed

8    their amendment motion on March 1, 2013, the last possible day to do so under the

9    Scheduling Order, the liberal provisions of Rule 15(a) apply to their motion. *See  Schultz*

10   *v. Wal-Mart Stores, Inc*., 68 Fed. Appx. 130, 132 (9th Cir. 2003); *Coleman v. Quaker*

11   *Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc*.,

12   975 F.2d 604, 610 (9th Cir. 1992).

13        Federal Rule of Civil Procedure 15(a) instructs district courts that "leave [to

14   amend] shall be freely given when justice so requires." "In the absence of any apparent or

15   declared reason - such as undue delay, bad faith or dilatory motive on the part of the

16   movant, repeated failure to cure deficiencies by amendments previously allowed, undue

17   prejudice to the opposing party by virtue of allowance of the amendment, futility of

18   amendment, etc. - the leave sought should, as the rules require, be freely given." *Schultz*,

19   68 Fed. Appx. at 132 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal

20   quotation marks omitted). "The Federal Rules reject the approach that pleading is a game

21   of skill in which one misstep by counsel may be decisive to the outcome and accept the

22   principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*.

23   (citation and internal quotation marks omitted). "The strong policy permitting amendment

24   is to be applied with 'extreme liberality.'" *Id*. (quoting *Eminence Capital, L.L.C. v.*

25   *Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted in original).

26        The Ninth Circuit strongly endorses a liberal approach to allowing amendments.

27   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[W]e have repeatedly stressed that

28   the [district] court must remain guided by the underlying purpose of Rule 15 . . . to

facilitate decision on the merits, rather than on the pleadings or technicalities.") (citing Rule 15(a)(2) and quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation marks omitted), partially superceded by statute. Leave to amend, however, is not granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (no abuse of discretion denying motion to amend complaint to allege additional causes of action that would have required further discovery, which was to close five days after the motion to amend was filed.) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the district court's denial of motion to amend filed on the eve of the discovery deadline).

District courts commonly consider the four *Foman* factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). These factors do not merit equal consideration. "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971) (district court "required" to take potential prejudice into account in deciding Rule 15(a) motion). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing leave to amend bears the burden of showing prejudice." *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted).

"A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend." *Lockheed Martin Corp.*, 194 F.3d at 986; *see also Johnson v. Couturier*, 2009 WL 256546, at *3 (E.D. Cal. Feb. 3, 2009) (finding prejudice where a defendant's late addition would make it "extremely difficult and inconvenient" for the defendant to catch up with discovery).

1    The Ninth Circuit also instructs district courts that undue delay alone is insufficient

2    to justify denying a motion to amend. *See Bowles*, 198 F.3d at 758 ("Undue delay by

3    itself . . . is insufficient to justify denying a motion to amend."); *see also Owens v. Kaiser*

4    *Found. Health Plan, Inc*., 244 F.3d 708, 712-13 (9th Cir. 2001) (applying this rule from

5    *Bowles* and affirming leave to amend); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796,

6    798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless

7    of the length of time of delay by the moving party absent a showing of bad faith by the

8    moving party or prejudice to the opposing party.") (citations omitted). A moving party

9    may be precluded from asserting an amendment on the basis of undue delay where the

10   matters asserted in the amendment were known to them from the beginning of the suit.

11   *Komie v. Buehler Corp*., 449 F.2d 644, 648 (9th Cir. 1971) (finding that where the

12   moving party filed a motion to amend answer 31 months after the answer was filed, three

13   weeks before the trial date, and the prejudice to the opposing party was evident, the trial

14   court did not abuse its discretion in denying leave to amend); *Mende v. Dun & Bradstreet,*

15   *Inc*., 670 F.2d 129, 131 (9th Cir. 1982) (affirming denial of motion for leave to amend

16   complaint 25 months after the original complaint was filed).

17       Amendment may also be denied on the basis of futility if the amended pleading

18   itself would be subject to dismissal. *Gentala v. City of Tucson*, 213 F.3d 1055, 1061 (9th

19   Cir. 2000) ("[F]utility of amendment can, by itself, justify the denial of a motion for leave

20   to amend.") (citation and internal quotation marks omitted). "[A] proposed amendment is

21   futile only if no set of facts can be proved under the amendment to the pleadings that

22   would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119

23   F.3d 1385, 1393 (9th Cir. 1997) (citation and internal quotation marks omitted); *see also*

24   *Ortega Melendres v. Arpaio*, 2008 WL 4174918, at *2-3 (D. Ariz. Sept. 5, 2008)

25   (rejecting use of "[R]ule 15(a) as a vehicle for hearing arguments that are clearly more

26   properly suited to a 12(b)(1), 12(b)(6) or Summary Judgment Motion.")

27   **III. Discussion**

28       Because a "scheduling order controls the subsequent course of the action unless

modified by the court[,]") *Johnson*, 975 F.2d at 608 (citation omitted), Defendants offer no authority, and this Court has found none, that a timely motion to amend filed before expiration of the amendment deadline, which motion otherwise complies with a district court's local rules, should result in a finding of untimeliness and be denied. *See Barker v. Hertz Corp.*, 2007 WL 4410253, at *2 (D. Ariz. Dec. 13, 2007) (denying leave to amend where party failed to make motion to amend and attach proposed amended complaint), *affirmed by* 350 Fed. Appx. 176 (9th Cir. 2009).

Assuming *arguendo* the truthfulness of Plaintiffs' wrongful seizure claims and proposed allegations, as the Court must, there is clear Ninth Circuit authority that an unreasonable detention of a witness solely for investigative purposes or other person without a founded suspicion of criminal activity is unconstitutional. *See, e.g., Maxwell v. County of San Diego*, __ F.3d __, 2013 WL 542756 (9th Cir. Feb. 14, 2013); *United States v. Ward*, 488 F.2d 162 (9th Cir. 1973) (*en banc*); *Walker v. City of Orem*, 451 F.3d 1139, 1148 (10th Cir. 2006). At this pleading stage, Plaintiffs' requested amendment is not futile and Defendants have not argued that it is.

Defendants have not made a strong showing of bad faith and prejudice, much less carried their burden of doing so. *DCD Programs*, 833 F.2d at 187. While the parties have engaged in substantial discovery to date, Defendants have only taken one deposition prior to receiving notice of Plaintiffs' amendment motion. Like the District Judge noted in a recent Arizona federal case granting leave to amend, "the new allegations Plaintiffs seek to add in their amended complaint are based on evidence Defendant had in its possession, and arise under the same facts as the previous allegations. Thus, the prejudicial effect on Defendants prior discovery of granting leave to amend is negligible." *Capuano v. Kenneth Eisen & Associates, Ltd.*, 2012 WL 2376675, at *5 (D. Ariz. June 22, 2012). Moreover, discovery in the case *sub judice* has not closed and all parties, including the newly-added defendants, have over four months to complete all discovery by the July 31, 2013 discovery deadline, which is likely if the parties maintain their due diligence and efforts to do so. *See Canal Properties, LLC v. Alliant Tax Credit V, Inc.*, 220 Fed. Appx.

699, 700–01 (9th Cir. 2007) (district court did not abuse discretion by denying leave to amend where discovery had closed, the time for dispositive motions had passed, and was made just a few weeks before trial). Finally, no dispositive motions have been filed and there is no trial date set at this time.

**IV. Conclusion**

While "[a] litigant who ignores a case-management deadline does so at his peril[,]" *Chao v. Westside Drywall, Inc.*, 254 F.R.D. 651 (D. Or. Jan. 6, 2009) (citation omitted), a litigant who timely complies with a case-management deadline to amend pleadings, even when such motion is filed on the last authorized day to do so and is otherwise compliant with a district court's local rules, the Ninth Circuit instructs the motion should be granted. The Court finds Defendants have not demonstrated prejudice, bad faith, or any other permissible ground to overcome the presumption that Plaintiffs' amendment request should be allowed.

Based on the foregoing,

**IT IS ORDERED** that  Plaintiff's Motion to Amend Complaint, doc. 63, is **GRANTED**. Pursuant to LRCiv 15.1, as amended on December 1, 2012, Plaintiffs must 1) remove all fictitious defendants named as John and Jane Does I-X and Black Entities I-V in the caption and body of the Second Amended Complaint; 2) remove all bolding in the caption of the Second Amended Complaint as such bolding is not authorized by the Local Rules; and 3) file the Second Amended Complaint, lodged at doc. 63-1 as modified by this Order, on all parties under Rule 5 of the Federal Rules of Civil Procedure **within seven (7) days** of the filing of this Order and promptly serve all Defendants. *See* LRCiv 15.1. The Court encourages defense counsel and each newly-named defendant to consider voluntarily waiving service of the Second Amended Complaint pursuant to Rule 4(d),

///
///
///
///

1  Fed.R.Civ.P., to avoid unnecessary expenses and delay of serving the summons and

2  Second Amended Complaint. Rule 4(d)(1), Fed.R.Civ.P.

3      Dated this 22nd day of March, 2013.

Lawrence O. Anderson
United States Magistrate Judge