**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gregory Martinez, Sr., etc.; et al, | ) | No. CV-12-1837-PHX-LOA |
| | ) | |
| Plaintiffs, | ) | **ORDER AND** |
| | ) | **ORDER TO SHOW CAUSE** |
| vs. | ) | |
| | ) | |
| City of Avondale, etc; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action arises on Defendants' Motion for Contempt, filed concurrently on October 7, 2013, with the parties' Second Motion to Continue Discovery Deadline, informing the Court that Sharon Jenny Nunez-Sepulveda, a non-party witness, failed to appear for her deposition scheduled for September 25, 2013, after she was personally served with a subpoena on August 7, 2013. (Docs. 129-131, 135-136)  Defendants request the Court hold Ms. Nunez-Sepulveda in contempt, order her compliance with the subpoena, and award sanctions against her to include payment of Defendants' attorneys' fees and costs incurred in seeking the Court's assistance on the matter. Plaintiffs' Response to Defendants' Motion for Contempt confirms that the factual allegations set forth in Defendants' Motion are correct. (Doc. 137)

Because the non-party witness Nunez-Sepulveda is entitled to notice and an opportunity to be heard before being held in contempt, the Court construes Defendants' Motion for Contempt as also requesting an order to show cause hearing why contempt sanctions should not be issued due to Ms. Nunez-Sepulveda's apparent intentional failure

to appear at her deposition. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983); *Rodriguez v. County of Stanislaus*, 2010 WL 3733843, at *5-6 (E.D. Cal. Sept. 16, 2010) (proper procedure is issuing the order to show cause); *S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) ("Due process requires that a [non-party witness who failed to comply with a validly-served subpoena] facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil contempt proceedings.").

While it is not necessary to modify the current case management plan due to the uncertainty of the witness' future compliance, the Court will partially grant Defendants' requested relief at this time, order a show-cause hearing for Ms. Nunez-Sepulveda to show cause why she should not be held in indirect, civil contempt and sanctioned, and will authorize the parties to depose Ms. Nunez-Sepulveda after the discovery deadline upon either her full cooperation or arrest and detention.

**I. Background**

### A. Overview

This is a Section 1983 fatal police shooting case, arising out of a 9-1-1 call by the decedent's mother, asking for police assistance with her 20-year old son, Gregory Martinez, Jr., deceased. On October 28, 2011, Officer Sapp was dispatched to the Martinez family home by the Avondale Police Department. The parties agree that Martinez was carrying two kitchen knives when he and Officer Sapp encountered each other outside the Martinez home, but disagree over what occurred immediately before the shooting. The Second Amended Complaint alleges, or purports to allege, causes of action that Officer Sapp used excessive and unreasonable deadly force in violation of the Fourth Amendment to the United States Constitution via 42 U.S.C. § 1983; violated Plaintiffs' substantive and procedural due process rights under the Fourteenth Amendment; and is liable to Plaintiffs on State-law claims for wrongful death pursuant to A.R.S. § 12-612, intentional infliction of emotional distress and negligent infliction of emotional distress. (Doc. 76)

Plaintiffs also contend that, after Officer Kevin Sapp shot and killed the decedent just outside of the Martinez' home, seven Avondale police officers unreasonably detained the

decedent's family members "for hours." (Doc. 63 at 1) According to the Second Amended Complaint, Defendants "[p]revented the family members from speaking with or consoling other family members, from speaking with any other person, from entering their own house, and even using the restroom without permission and escort. In short, the family members could do nothing . . . The Plaintiffs were effectively under arrest." (Doc. 76, ¶ 38 at 8)  Since this case's removal, numerous Avondale officers have been added as defendants.

In addition to claiming qualified immunity, Defendants deny liability and contend, *inter alia*, that Officer Sapp justifiably acted in self-defense by using deadly force due to the objective and reasonable belief that the use of deadly force was necessary to defend himself from what he reasonably believed to be the imminent use of deadly physical force by the decedent as authorized by federal and Arizona law. Defendants also deny liability for their acts at the Martinez residence after the shooting.

**B. Non-party Witness**

Defense counsel's affidavit confirms his good faith belief that "Ms. Nunez-Sepulveda may have been an eyewitness to the police shooting of the assailant which is the underlying basis for the lawsuit."(Doc. 136[1] at 2) Plaintiffs' counsel concurs that Ms. Nunez-Sepulveda "was an eye witness to the shooting of Gregory Martinez, Jr." (Doc. 137 at 1) The exhibits attached to defense counsel's affidavit corroborate his representations that Ms. Nunez-Sepulveda was validly subpoenaed to testify at her deposition, was properly served on August 7, 2013, seven weeks before the deposition date, and she failed to appear as directed by the subpoena. (Doc. 136, Exhibits ("Exhs.") 1-4) Exhibit 1 is a copy of the subpoena served on Ms. Nunez-Sepulveda, verifying the date, time, and place of Ms. Nunez-Sepulveda's deposition.  (*Id*. at 5-7) The last page of the subpoena form sets forth, among other things, the consequences of failing to comply with a federal subpoena. (*Id*., Exh. 1 at 7) Exhibit 1 also contains a copy of process server Ruben Herrera's Certificate of Service, signed under penalty of perjury, confirming Mr. Herrera personally served Ms.

---

[1] Document 135 is a duplicate of document 136, but without the attachments.

Nunez-Sepulveda with the deposition subpoena and Notice of Videotaped Deposition on August 7, 2013, at 8124 W. Whitton Ave., Phoenix, AZ 85033, and tendered to her the $47.77 witness fee via check no. 003451 as required by Rule 45(b)(1), Fed.R.Civ.P. (*Id.*, at 8-9) The process server's service fee was $90.78. (*Id.*, at 9) Exhibit 2 is a copy of the Notice of Videotaped Deposition that was also served on Ms. Nunez-Sepulveda by the process server. (*Id.*, Exh. 2 at 11-13)  Exhibit 3 is a copy of the front and back of the cancelled check no. 003451, made payable to Sharon Jenny Nunez-Sepulveda, confirming by her signature on the back that the check was endorsed and cashed by Ms. Nunez-Sepulveda. (*Id.*, Exh. 3 at 11-13)  Exhibit 4 is a copy of the first five pages of the court reporter's transcript, indicating who was present at the time the September 25, 2013 deposition was supposed to begin and contains the court reporter's certification that "[t]he foregoing pages are a full, true, and accurate transcript of all proceedings, to the best of my skill and ability." (*Id.*, Exh. 4 at 17-22) The deposition transcript confirms that all counsel and a videographer waited for Ms. Nunez-Sepulveda to appear for her deposition until approximately 9:44 a.m. when the deposition was adjourned. (*Id.*, at 21-22)

The Court finds the subpoena served on Ms. Nunez-Sepulveda was valid in form, was properly served, and she had actual notice of her September 25, 2013 deposition. *See* Rule 4, Fed.R.Civ.P.; *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena . . . generally requires the court to find that any objections have been waived."). The Court will now address the consequences of Ms. Nunez-Sepulveda's non-compliance with a valid and properly-served federal subpoena.

**II. Sanctions for Non-Compliance With Valid Subpoena**

      **A. Federal Rule of Civil Procedure 45**

Under Federal Rule of Civil Procedure 45(a)(1)(iii), a subpoena or subpoena *duces tecum* "command[s] each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Rule 45(e), Fed.R.Civ.P.,

authorizes a district court to "hold in contempt a [non-party] who, having been served, fails without adequate notice to obey the subpoena." *See also Pennwalt Corp.*, 708 F.2d at 494 (citing and discussing previous subsection of former Rule 45). The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is Rule 45(e). *Scruggs v. Vance*, 2012 WL 423486, at *1 (E.D. Cal. Feb. 8, 2012) (citing *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975)); *Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 WL 798707, at *4 (N.D. Cal. Feb. 8, 2011) ("The only sanction available against nonparties for failure to comply with deposition subpoenas is a contempt citation.") (citation omitted). Rule 37, which authorizes the imposition of sanctions for failure to comply with discovery in several other contexts, is inapplicable. *Scruggs*, 2012 WL 423486, at *1 (citing *Pennwalt Corp.*, 708 F.2d at 494). Even though subpoenas are issued by attorneys, they are issued on behalf of the district court and should be treated as orders of the district court. *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) (citing Advisory Committee Notes to Rule 45(a) (1991)); *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). "A subpoena duces tecum is itself a court order, noncompliance with which may warrant contempt sanctions." *Fidelity Nat. Financial, Inc. v. Friedman*, 2007 WL 446134, at *4 (D. Ariz. Feb. 7, 2007).

### B. Contempt

A contempt sanction against a non-party may be criminal or civil in nature. *See Martinez*, 2012 WL 699462, at *3 (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983)). "Whether a contempt sanction is civil or criminal is determined by examining the character of the relief itself." *Ahearn ex rel. N.L.R.B. v. International Longshore and Warehouse Union, Locals 21 and 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp.*, 702 F.2d at 778; *see also Ahearn,* 721 F.3d at 1128 (citations and internal quotation marks omitted). "[A] sanction generally is civil if it

coerces compliance with a court order or is a remedial sanction meant to compensate the complainant for actual losses." *Ahearn*, 721 F.3d at 1129. As such, the failure to comply need not be wilful or intentional, and good faith is not a defense. *Go-Video, Inc. v. The Motion Picture Assoc. of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). "A criminal sanction, in contrast, generally seeks to punish a 'completed act of disobedience.'" *Ahearn*, 721 F.3d at 1129 (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994)). Criminal contempt is punitive, and may include fines payable to the district court instead of compensating a moving party and jail time. *See In re Sequoia Auto Brokers LTD., Inc.*, 827 F.2d 1281, 1283 n. 1 (9th Cir. 1987); 18 U.S.C. § 401.

A party moving for civil contempt must prove that the non-moving party violated a court order by clear and convincing evidence. *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). The burden then shifts to the contemnor to demonstrate she took every reasonable step to comply with the subpoena and explain why compliance was not possible. *Forsythe v. Brown*, 281 F.R.D. 577, 588 (D. Nev. 2012) (plaintiffs' expert witness failed to demonstrate he took reasonable steps to comply with defendants' subpoenas, held in contempt of court, and ordered to pay moving party's attorney's fees and costs incurred in filing order to show cause regarding contempt) (citing *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993). In making its contempt determination, a district court considers the witness' history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt. *Id.* (citing *Bademyan v. Receivable Management Services Corp.*, 2009 WL 605789, at *2 (C.D. Cal. 2009)). Upon a finding of a wilful failure to comply with a court order, a contemnor may be jailed until compliance with the district court's order. *S.E.C. v. Elmas Trading Corp.*, 824 F.2d 732 (9th Cir. 1987) ("When the petitioners carry the keys of their prison in their own pockets, the action is essentially a civil remedy.") (citation and internal quotation marks omitted); *United States v. Rose*, 806 F.2d 931 (9th Cir. 1986) (*per curiam*) (affirming order finding witness in contempt and detaining her for six months due to her failure to testify at trial as ordered).

### III. Discussion

Here, Defendants, like the moving party in *Ahearn*, seek an order of civil contempt against Ms. Nunez-Sepulveda both to compel her appearance at a deposition and compensate Defendants for the attorneys' fees and costs incurred as a result of her failure to comply with a subpoena. In *Ahearn*, the district court's contempt awards were civil, not criminal, "[b]ecause they sought to coerce the Union and its members to comply with the court's injunctions and to compensate injured parties for actual losses caused by the Union's and its members' contumacious conduct." *Ahearn*, 721 F.3d at 1130 (citing *FTC v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004)) ("[W]here the sanctions sought in contempt proceedings are solely to be used to compensate injured [parties], the proceedings are civil in nature.").

Accordingly, the Court will partially grant Defendants' requested relief at this time and will issue an order to show cause hearing requiring Ms. Nunez-Sepulveda to physically appear and show cause why she should not be held in contempt and sanctioned for her failure to appear for her deposition. The Court will order the United States Marshals Service to personally serve Ms. Nunez-Sepulveda with a signed copy of this Order and Order to Show Cause. Ms. Nunez-Sepulveda will be ordered to appear for a deposition on a date, time, and place mutually-agreed upon by all counsel and Ms. Nunez-Sepulveda shall physically appear before this Court on the date and time set forth below to explain why contempt sanctions should not be entered against her. Absent good cause shown, Ms. Nunez-Sepulveda's wilful failure to physically appear at the OSC hearing in Courtroom 302 before the undersigned Magistrate Judge may result in the issuance of a civil warrant for her arrest by the U.S. Marshals Service.

Based on the foregoing,

**IT IS ORDERED** that Defendants' request for an order to show cause is **GRANTED** and Defendants' Motion for Contempt is **DEFERRED** pending the OSC hearing.

**IT IS FURTHER ORDERED** that Sharon Jenny Nunez-Sepulveda is hereby **ORDERED** to physically appear before the undersigned Magistrate Judge on **Friday, November 15, 2013 at 2:00 p.m.** in Courtroom 302, Third Floor, Sandra Day O'Connor

U.S. Courthouse, 401 W. Washington, Phoenix, Arizona 85003-2120, and show cause why she should not be held in contempt and sanctioned for her failure to comply with the subpoena and appear for her September 25, 2013 deposition.

**IT IS FURTHER ORDERED** that Sharon Jenny Nunez-Sepulveda shall appear for her deposition on a date, time, and place mutually-agreed upon by all counsel and Ms. Nunez-Sepulveda before **Friday, November 15, 2013**. Ms. Nunez-Sepulveda must make arrangements to schedule her deposition by contacting Defendants' counsel, Ernest Calderon or April Marie Hamilton, Ridenour Hienton & Lewis PLLC, Chase Tower, 201 N Central Ave., Ste. 3300, Phoenix, AZ 85004-1052; Telephone: (602) 254-9900; Fax: 602-254-8670; E-mail: ecalderon@rhlfirm.com.

If Sharon Jenny Nunez-Sepulveda arranges and completes her deposition prior to **Friday, November 15, 2013 at 2:00 p.m.**, she will mitigate the contempt sanctions imposed on her at the OSC hearing. Her wilful failure to comply with this Order and Order to Show Cause may subject Sharon Jenny Nunez-Sepulveda to the contempt sanctions discussed herein and may result in her arrest by the United States Marshals Service.

**IT IS FURTHER ORDERED** that the United States Marshals Service* is hereby directed to personally serve a signed copy of this Order and Order to Show Cause on Sharon Jenny Nunez-Sepulveda at 8124 W. Whitton Ave., Phoenix, AZ 85033 or other address where she may be located as soon as is practicable. The United States Marshals Service shall promptly file a return of service upon the service of this Order and Order to Show Cause.

**IT IS FURTHER ORDERED** that within **five (5) days** before the aforesaid contempt hearing, Defendants shall file an affidavit of attorney's fees and costs pursuant to LRCiv 54.2(c)(3), (d)(2)-(5), and (e) regarding the attorneys' fees, costs, and other expenses incurred and related to Sharon Jenny Nunez-Sepulveda's failure to appear for her September 25, 2013 deposition or the Court may deem waived any contempt sanctions.

**IT IS FURTHER ORDERED** that the parties' Second Motion to Continue Discovery Deadline, doc. 130, is **DENIED**, except that the deposition of Ms. Nunez-Sepulveda may be taken after the discovery deadline upon either her full cooperation

1  or arrest and detention.

2      Dated this 17th day of October, 2013.

3

4

5                          Lawrence O. Anderson
                           United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  *vlg emailed to USMS for service of process on 10/17/13

26

27

28